1  Brent H. Blakely (SBN 157292)
   bblakely@blakelylawgroup.com
2  Cindy Chan (SBN 247495)
   cchan@blakelylawgroup.com
3  BLAKELY LAW GROUP
   1334 Parkview Avenue, Suite 280
4  Manhattan Beach, California 90266
   Telephone: (310) 546-7400
5  Facsimile: (310) 546-7401

6  *Attorneys for Plaintiff*
   *Chrome Hearts LLC*
7

8             UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11 CHROME HEARTS LLC, a Delaware          ) CASE NO.
   Limited Liability Company,              )
12                                          ) **PLAINTIFF'S COMPLAINT FOR**
                                            ) **DAMAGES AND EQUITABLE**
13              Plaintiff,                  ) **RELIEF**
                                            )
14       vs.                                ) 1.  **TRADEMARK INFRINGEMENT**
                                            )
15                                          ) 2.  **FALSE DESIGNATIONS OF**
   LA IDOL FASHION, INC., a California      )     **ORIGIN AND FALSE**
16 Corporation; GENX CLOTHING, INC.,        )     **DESCRIPTIONS**
   a California Corporation; and DOES 1-    )
17 10, inclusive,                           ) 3.  **UNFAIR COMPETITION IN**
                                            )     **VIOLATION OF CA BUS. &**
18              Defendants.                 )     **PROF. CODE § 17200, et seq.;**
                                            )
19                                          ) 4.  **COMMON LAW TRADEMARK**
                                            )     **INFRINGEMENT AND UNFAIR**
20                                          )     **COMPETITION**
                                            )
21                                          )
                                            )     **JURY TRIAL DEMANDED**
22                                          )

23       Plaintiff **Chrome Hearts LLC** for its claims against **Defendants LA Idol**

24 **Fashion, Inc.** and **Genx Clothing, Inc.** (collectively "Defendants") respectfully

25 alleges as follows:

26                    **JURISDICTION AND VENUE**

27       1.   Plaintiff files this action against Defendants for trademark infringement

28 and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et

seq. (the "Lanham Act"), and related claims under the statutory and common law of the State of California. This Court has subject matter jurisdiction over the trademark infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. This Court has personal jurisdiction over Defendants because Defendants are incorporated and/or conduct business within the state of California.

4. This action arises out of wrongful acts, including advertising, offering for sale, selling and distributing products by Defendants within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district.

## THE PARTIES

5. Plaintiff Chrome Hearts LLC ("Chrome Hearts") is a limited liability company organized and existing under the laws of the state of Delaware, with an office and principal place of business at 915 North Mansfield Avenue, Los Angeles, California 90038.

6. Upon information and belief, Defendant LA Idol Fashion, Inc. is a corporation organized and existing under the laws of the state of California with an office and principal place of business at 1100 S. San Pedro St. #K8, Los Angeles, California 90015.

7. Upon information and belief, Defendant Genx Clothing, Inc. is a corporation organized and existing under the laws of the state of California with an office and principal place of business at 2300 East 27th Street, Vernon, California 90058.

8. Chrome Hearts is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Chrome Hearts will seek leave to amend this complaint when their true names and capacities are ascertained. Chrome Hearts is informed and believes and based thereon alleges that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

9. Chrome Hearts is informed and believe, and based thereon allege, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Chrome Hearts further alleges that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A. The Chrome Hearts Brand and its Marks

10. Chrome Hearts has been designing, manufacturing, and selling artistically styled leather goods, apparel, jewelry, and accessories since 1988.

11. Chrome Hearts sells a wide variety of quality artistic products, including leather pants, leather jackets, leather vests, sterling silver jewelry, including necklaces, bracelets, rings and wallet chains, belt buckles and a wide collection of other products, including its recent line of custom, one-of-a-kind furniture.

12. Chrome Hearts pioneered the idea of combining the look of rugged apparel with fashion attire to make fashion apparel and accessories. All of Chrome Hearts' leather products are adorned with sterling silver hardware, including all of the

buttons and ornamental pieces. Chrome Hearts further pioneered the look of suede inlay designs in connection with leather clothing.

13. Entertainers, such as Cher, Billy Idol, Aerosmith, Lenny Kravitz, Guns N' Roses, Seal, Madonna, Keith Richards, Danny Glover, Sting, Gloria Estefan, Christy Turlington, Naomi Campbell and Sharon Stone can all be seen in Chrome Hearts' fashions. Chrome Hearts products are sold in the exclusive CHROME HEARTS stores throughout the world and in select specialty stores, such as Browns of London and the United Arrows and Intellectual Galleries boutiques in Japan.

14. In 1993, the Council of Fashion Designers of America ("CFDA") presented Chrome Hearts with an unsolicited award as designer of the year for its innovated accessories and jewelry designs.

15. Virtually all Chrome Hearts® products, including clothing, denim, and jewelry, are handmade in Los Angeles by Chrome Hearts' craftsmen. The level of expert workmanship exercised by these individuals is superior and conforms with the strict standards established by Chrome Hearts.

16. Works designed by Chrome Hearts have been praised and recognized in numerous articles appearing in both trade publications and publications directed to the general public around the world, including articles in the United States, Germany, Japan and France. These articles have acclaimed the high artistry, fashion and style of Chrome Hearts' designs and the uniqueness of the designs.

17. Chrome Hearts is the owner of the word/mark "Chrome Hearts" and various composite trademarks comprising the Chrome Hearts mark and assorted design components (hereinafter collectively the "Chrome Hearts Marks").

18. One of Chrome Hearts' most iconic and well recognized trademarks is the "CH Plus Mark" (shown below), federal trademark registrations of which include *but are not limited to* U.S. Reg. No. 3,388,911 (for clothing), U.S. Reg. No. 3,365,408 (for retail store services in the field of jewelry, clothing, handbags, eyewear, home furnishings, bed linen, and toys), and U.S. Reg. No. 3,385,449 (for jewelry).



19. Registrations for the CH Plus Mark are valid, subsisting and are incontestable. Through longstanding use, advertising, and registration, the CH Plus Mark has achieved a high degree of consumer recognition and constitutes famous marks.

20. Chrome Hearts has continuously used the CH Plus Mark in interstate commerce in connection with the sale, distribution, promotion, and advertising of its goods since their respective dates for first use.

21. The CH Plus Mark has come to identify, in the United States and throughout the world, high quality leather fashions, jewelry and accessories designed and manufactured by Chrome Hearts.

22. Due to Chrome Hearts' long use, extensive sales, and significant advertising and promotional activities, the CH Plus Mark has achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.

**B.  Defendants' Infringing Conduct**

23. Upon information and belief, Chrome Hearts hereon avers that Defendants have manufactured, designed, advertised, marketed, distributed, offered for sale, and/or sold apparel that infringes upon Chrome Hearts' CH Plus Mark ("Infringing Products").

24. Upon information and belief, Defendant LA Idol Fashion, Inc. ("LA Idol") is engaged in the design, manufacture, distribution, advertisement, marketing, offering for sale, and/or sale of apparel, including denim wear.

25. Chrome Hearts has recently discovered the advertising, promotion, offering for sale, and/or sale of LA IDOL denim products bearing marks identical and/or substantially indistinguishable from Chrome Hearts' CH Plus Mark (see below)

1  at GenX Clothing, Inc., which operates retail stores nationwide, including in this
2  judicial district.



11       26.   GenX Clothing, Inc. also sells merchandise through its online website -
12  www.gogenx.com.
13       27.   Defendants are not authorized by Chrome Hearts to manufacture,
14  distribute, advertise, offer for sale, and/or sell merchandise bearing any of Chrome
15  Hearts' trademarks.
16       28.   Upon information and belief, Defendants are aware of the extraordinary
17  fame and strength of the CH Plus Mark, and the goodwill associated therewith.
18  Indeed, at least one or more of the Defendants had actual notice of Chrome Hearts'
19  registrations to the CH Plus Mark, and had access to the CH Plus Mark prior to the
20  creation and sale of the Infringing Products at issue in this action.
21       29.   Upon information and belief, Defendants are still actively using,
22  promoting, and otherwise advertising, distributing, selling and/or offering for sale
23  Infringing Products with the knowledge and intent that such goods will be mistaken for
24  genuine, high-quality Chrome Hearts® products.
25       30.   Upon information and belief, Defendants are conducting their infringing
26  activities within this judicial district and elsewhere throughout the United States.
27  / / /
28  / / /

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement Under the Lanham Act)

31. Chrome Hearts incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

32. Chrome Hearts' CH Plus Mark is nationally recognized, including within the Central District of California, as being affixed to goods and merchandise of the highest quality and coming from Chrome Hearts.

33. The registrations embodying the CH Plus Mark are in full force and effect and have been used continuously since their respective first dates of use.

34. Defendants' unauthorized use of the CH Plus Mark in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Chrome Hearts or come from the same source as Chrome Hearts' goods and are of the same quality as that assured by the CH Plus Mark.

35. Defendants' use of the CH Plus Mark is without Chrome Hearts' permission or authority and in total disregard of Chrome Hearts' rights to control its trademarks.

36. Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Chrome Hearts has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Chrome Hearts.

37. Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Chrome Hearts and reap the benefit of Chrome Hearts' goodwill associated with Chrome Hearts' trademarks.

38. Defendants' acts violate the Lanham Act.

39. As a direct and proximate result of Defendants' willful and infringing conduct, Chrome Hearts has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing Chrome Hearts' trademarks.

40. Chrome Hearts has no adequate remedy at law.

41. In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendants from using any of the Chrome Hearts Marks, including the CH Plus Mar, and/or any marks identical and/or confusingly similar thereto, and to recover from Defendants all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF

**(False Designations of Origin and False Descriptions – 15 U.S.C. § 1125(a))**

42. Chrome Hearts incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

43. Defendants' unauthorized use of the CH Plus Mark on its merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Chrome Hearts or come from the same source as Chrome Hearts' goods when in fact they do not.

44. Defendants' use of the CH Plus Mark is without Chrome Hearts' permission or authority and in total disregard of Chrome Hearts' rights to control its trademarks.

45. Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Chrome Hearts has

produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Chrome Hearts.

46. Chrome Hearts has no adequate remedy at law.

47. In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendants from using any of the Chrome Hearts Marks, including the CH Plus Mark, and/or any marks identical and/or confusingly similar thereto, and to recover from Defendants all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF

**(Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 et seq.)**

48. Chrome Hearts incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

49. The CH Plus Mark is a strong and distinctive mark that has been in use for many years and has achieved enormous and widespread public recognition.

50. Through prominent, long, and continuous use in commerce, the CH Plus Mark has become and continues to be famous and distinctive in the State of California.

51. Defendant's misappropriation of the CH Plus Mark was intended to capitalize on Chrome Hearts' goodwill for Defendant's own pecuniary gain.

52. Defendant's unauthorized use of the CH Plus Mark dilutes the distinctive quality of said mark and decreases the capacity of said mark to identify and distinguish Chrome Hearts' products and has caused a likelihood of harm to Chrome Hearts' business reputation.

53. By the acts described above, Defendant has caused and will continue to cause irreparable injury to Chrome Hearts' goodwill and business reputation, in violation of Cal. Bus. & Prof. Code § 17200 et seq.

54. Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which he is not in law or equity entitled.

55. Defendant is liable to Chrome Hearts for all damages, whether direct or indirect, for the misappropriation of Chrome Hearts' trademarks, reputation and goodwill, which damages are subject to trebling.

56. Upon information and belief, Defendant has continued and intends to continue their infringing acts unless restrained by this Court.

57. Defendant's acts have damaged and will continue to damage Chrome Hearts, and Chrome Hearts has no adequate remedy at law.

58. In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendant from using the Chrome Hearts Marks, to recover all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain as a result of Defendant's infringing acts alleged above; to recover all gains, profits and advantages obtained by Defendant's as a result thereof, in an amount not yet known; and to recover the costs of this action.

## FOURTH CLAIM FOR RELIEF

**(Common Law Trademark Infringement and Unfair Competition)**

59. Chrome Hearts incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

60. Chrome Hearts owns and enjoys common law trademark rights to the CH Plus Mark in California and throughout the United States.

61. Defendants' misappropriation of Chrome Hearts' common law trademarks was intended to capitalize on Chrome Hearts' goodwill for Defendants' own pecuniary gain. Chrome Hearts has expended substantial time, resources and effort to obtain an excellent reputation for itself and its family of trademarks. As a result of Chrome Hearts' efforts, Defendants are now unjustly enriched and is benefiting from property rights that rightfully belong to Chrome Hearts.

10
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

62. Defendants' unauthorized use of Chrome Hearts' CH Plus Mark has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Chrome Hearts.

63. Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Chrome Hearts.

64. Defendants' acts constitute unfair competition under California common law.

65. Chrome Hearts has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' infringing activities unless Defendants are permanently enjoined from their infringing conduct.

66. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Chrome Hearts in reckless disregard of Chrome Hearts' rights. Said conduct was despicable and harmful to Chrome Hearts and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

67. Chrome Hearts has no adequate remedy at law.

68. In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendants from using the Chrome Hearts Marks and to recover all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Chrome Hearts respectfully prays that this Court enter judgment in its favor and against Defendants as follows:

1. For entry of an ORDER granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendants, their officers, agents,

employees, and attorneys, and all those persons or entities in active concert or participation with them from:

  (a) manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Infringing Products and/or any other products that bear the Chrome Hearts Marks, or any other marks confusingly similar thereto;

  (b) engaging in any other activity constituting unfair competition with Chrome Hearts, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Chrome Hearts;

  (c) committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants is licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Chrome Hearts;

 2. For entry of an ORDER directing Defendants to recall from any distributors and retailers and to deliver to Chrome Hearts for destruction, or other disposition, all remaining inventory of the Infringing Products, in addition to any other goods that infringe upon Chrome Hearts' rights to the Chrome Hearts Marks, including all advertisements, promotional and marketing materials therefore, as well as means of making same in their possession or under their control;

 3. For entry of an ORDER directing Defendants to disclose their supplier(s) and manufacturer(s) of the Infringing Products and provide all documents, correspondence, receipts, and invoices associated with the purchase of the Infringing Products;

 4. For entry of an ORDER for an accounting by Defendants of all gains, profits, and/or advantages derived from their infringing acts;

 5. For entry of an ORDER directing Defendants to file with this Court and serve on Chrome Hearts within ten (10) days after entry of the injunction a report in

writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

6. For an assessment of the damages suffered by Chrome Hearts, trebled, and an award of all profits that Defendants have derived from using the Chrome Hearts Marks, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act; alternatively, that Chrome Hearts be awarded statutory damages pursuant to 15 U.S.C. § 1117 of up to $2 million per trademark counterfeited and infringed, per type of good;

7. For an award of applicable interest amounts, costs, disbursements, and/or attorneys' fees;

8. For an award of profits, damages, and fees to the full extent available, and punitive damages to the full extent available in connection with its claims under California law; and

9. Such other relief as may be just and proper.

Dated: August 29, 2014                BLAKELY LAW GROUP

                                      By: [signature]
                                      Brent H. Blakely
                                      Cindy Chan
                                      *Attorneys for Plaintiff*
                                      *Chrome Hearts LLC*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Chrome Hearts LLC hereby demands a trial by jury as to all claims in this litigation.

Dated: August 29, 2014                BLAKELY LAW GROUP

                                      By: [signature]
                                      Brent H. Blakely
                                      Cindy Chan
                                      *Attorneys for Plaintiff*
                                      *Chrome Hearts LLC*