Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California  90266
Telephone: (310) 546-7400
Facsimile:  (310) 546-7401

*Attorneys for Plaintiff
Chrome Hearts LLC*

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHROME HEARTS LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>LA IDOL FASHION, INC., a California Corporation; GENX CLOTHING, INC., a California Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 2:14-CV-06803-RSWL-AJW<br><br>**ORDER RE PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL OF DEFENDANT LA IDOL FASHION, INC. WITH PREJUDICE** |

**WHEREAS**, **Plaintiff Chrome Hearts LLC** ("Chrome Hearts") filed a Complaint in this action charging **Defendant LA Idol Fashion, Inc.** ("LA Idol") with Trademark Infringement, False Designations of Origin, and Unfair Competition under federal, state, and common law arising from Defendant's manufacture, production, distribution, promotion, advertisement, offering for sale, and/or sale of products allegedly bearing counterfeit reproductions of Plaintiff's federally registered trademarks; and

**WHEREAS**, LA Idol filed an answer to Chrome Hearts' Complaint, denying all the material allegations of that Complaint; and

1
**ORDER RE PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL OF DEFENDANT LA IDOL FASHION, INC. WITH PREJUDICE**

1  **WHEREAS**, Chrome Hearts is the owner of the word mark "CHROME HEARTS" and various composite trademarks comprising said mark and assorted design components, including the "CH Plus Mark" (shown below), federal trademark registrations of which include but are not limited to U.S. Reg. No. 3,388, 911 (for clothing), U.S. Reg. No. 3,365,408 (for retail store services in the field of jewelry, clothing, handbags, eyewear, home furnishings, bed linen, and toys), and U.S. Reg. No. 3,385,449 (for jewelry).



**WHEREAS**, the parties herein have simultaneously entered into a Settlement Agreement and Mutual Release; and

**WHEREAS**, neither party admits any liability or facts (except as specifically stated herein and in the Settlement Agreement and Mutual Release); and

**WHEREAS**, the parties hereto desire to fully settle all of the claims in this action among the parties to this Final Judgment; and

**WHEREAS**, LA Idol has agreed to consent to the below terms of a permanent injunction without any admission of wrongdoing, **IT IS HEREBY ORDERED** that:

1. LA Idol and its agents, servants, employees and all persons in active concert and participation with it who receive actual notice of this Consent Judgment are hereby permanently restrained and enjoined from:

    (a) Manufacturing, purchasing, producing, distributing, circulating, selling, offering for sale, importing, exporting, advertising, promoting, displaying, shipping, marketing and/or incorporating in advertising or marketing any products bearing the Disputed Mark (as defined in the Complaint and Parties' Confidential Settlement Agreement), and/or any other products bearing marks identical and/or confusingly similar to the CH Plus Mark;

(b) Delivering, holding for sale, returning, transferring or otherwise moving, or disposing in any manner the products bearing the Disputed Mark (as defined in the Complaint and Parties' Settlement Agreement), and/or any other products bearing marks identical and/or confusingly similar to the CH Plus Mark, except as otherwise agreed upon amongst the parties. LA Idol's transfer/moving of remaining inventory of disputed products identified in the Parties' Settlement Agreement to another secured location in this judicial district that is owned and/or controlled by LA Idol shall not be deemed a violation of this Injunction unless it has the effect of introducing said products into the stream of commerce;

(c) Knowingly assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 2(a) - 2(b) above.

**WHEREAS**, Plaintiff and Defendant have further agreed as follows, **IT IS HEREBY FURTHER ORDERED** that:

2. This Court has jurisdiction over the parties to this Final Consent Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

3. Plaintiff and Defendant shall bear their own costs and attorneys' fees associated with this action.

4. This action is hereby dismissed with prejudice against Defendant LA Idol and its present and former affiliates, parents, insurers, subsidiaries, predecessors, successors and assigns and all their respective shareholders, partners, members, directors, officers, employees, agents, and attorneys, however, such dismissal shall not have preclusive effect on those who are not a party or who are not specifically released in the parties' written settlement agreement, all claims against whom Plaintiff expressly reserves.

5. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Consent

1 | Judgment, the enforcement thereof and the punishment of any violations thereof.
2 | Except as otherwise provided herein, this action is fully resolved with prejudice.
3 |         The Clerk shall close this action.
4 | DATED:     June 18, 2015

By: __RONALD S.W. LEW__
Hon. Ronald S. W. Lew
**Senior United States District Judge**